J-S82019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL GIVENS | : | |
| | : | No. 260 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005984-2000,
CP-02-CR-0016433-1999

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:                    FILED JANUARY 16, 2018

Appellant, Michael Givens, appeals, pro se, from the order entered on January 5, 2017, in the Court of Common Pleas of Allegheny County dismissing, without a hearing, his fourth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims the PCRA court erred in dismissing his petition as untimely where, he contends, he qualified for a statutory exception to the PCRA's time limitations. Specifically, Appellant bases his claim on the United States Supreme Court cases of Miller v. Alabama, ___ U.S. _____, 132 S.Ct. 2455, 183 L.Ed.2d 407

_____
*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

(2012)[1] and Montgomery v. Louisiana, ___ U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[2]  We affirm.

On November 6, 1999, when Appellant was 20 years old, Appellant shot and killed Rico Steele.  He was charged with one count of criminal homicide, 18 Pa.C.S.A. § 2501 and related offenses.  A jury found him guilty of first-degree murder, and the court imposed the mandatory sentence of life imprisonment without parole.  This Court affirmed judgment of sentence on July 5, 2002, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 27, 2002.  Appellant's judgment of sentence, therefore, became final on 90 days later, on March 27, 2003, when his time for seeking certiorari in the Supreme Court of the United States expired. See 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.Rule 13.1 (allowing 90 days for the filing of a writ of certiorari in the Supreme Court of the United States).  Accordingly, Appellant had until March 27, 2004, to timely file a PCRA petition.

Appellant filed this, his fourth PCRA petition, which Appellant entitled a Petition for Writ of Habeas Corpus, on April 15, 2016, asserting his sentence was unlawful pursuant to Miller and Montgomery.  The court appointed counsel, but she subsequently filed a "no-merit" letter pursuant to Commonwealth v Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth

_____

[1] Miller determined that mandatory sentences of life imprisonment without parole for minors were unconstitutional, due to the immaturity of a minor's brain development.

[2] Montgomery determined that the Miller decision was entitled to retroactive application on collateral review.

v. Finley, 550 A.2d 213 (Pa.Super. 1988). The PCRA court granted counsel's motion to withdraw and, by order of January 5, 2017, dismissed Appellant's petition. This pro se appeal follows.

Appellant contends that the court erred in dismissing his PCRA petition where, he claims, he is entitled to relief pursuant to Miller. See Appellant's brief, at 3. Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Barndt, 74 A.3d 185, 191–192 (Pa.Super.2013) (internal quotations and citations omitted).

Initially, we must consider the timeliness of the petition, as a petition's timeliness implicates the jurisdiction of both this Court and the PCRA court. Commonwealth v. Williams, 35 A.3d 44, 52 (Pa.Super. 2011). "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." Hernandez, 79 A.3d at 651 (citing Commonwealth v. Murray, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition is met. Hernandez, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii).

As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. Commonwealth v. Abu–Jamal, 941 A.2d 1263, 1268 (Pa.2008), cert. denied, 555 U.S. 916 (2008). Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

Hernandez, 79 A.3d at 651–652 (internal quotations omitted).

We note Appellant filed the present petition well beyond the expiration of his PCRA limitations period. Accordingly, his petition is facially untimely.

Thus, he must plead and prove that his petition falls under one of the Section 9545(b)(1) exceptions set forth in the PCRA.

Appellant acknowledges the patent untimeliness of his petition, but he attempts to overcome the PCRA time bar by arguing that the Miller and Montgomery decisions satisfy the timeliness exception found at Section 9545(b)(1)(iii). We disagree.

As noted, supra, Miller only applies to those defendants who were under the age of 18 at the time of the crime, whereas Appellant was 20 years old when he committed his crime. Appellant, however, contends that Miller should extend to him because, in certain contexts, Pennsylvania law considers a minor to be someone under the age of 21, and because, generally, "neuroscience and studies on the human brain…found [it] does not fully develop until the age of 25…." Appellant's brief at 16.

This argument was rejected by previous decisions of our Court, specifically Commonwealth v. Furgess, supra, and Commonwealth v. Cintora, 69 A.3d 759 (Pa. Super. 2013). In Furgess, our Court held:

> Appellant argues that he nevertheless may invoke Miller because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the Miller decision, this argument by Appellant seeks an extension of Miller to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the Miller holding. See Appellant's Brief at 3-7.
>
> We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in Commonwealth v. Cintora, 69 A.3d

759 (Pa. Super. 2013). The defendants in Cintora were 19 and 21 years old at the times of their crimes, but they argued that Miller should apply to them and others "whose brains were not fully developed at the time of their crimes." Id. at 764. We stated that "[a] contention that a newly-recognized constitutional right should be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." Id. (emphasis in original).

We also pointed out in Cintora that the right recognized in Miller had not been held to apply retroactively at the time of that decision and that its non-retroactivity would have been an alternative basis for denial of relief. 69 A.3d at 764 n. 4. Because the U.S. Supreme Court in Montgomery has since held that Miller does apply retroactively, this second reason stated in the Cintora opinion is no longer good law. However, nothing in Montgomery undermines Cintora's holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the Miller decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii). Accordingly, Cintora remains controlling on this issue, and Appellant's assertion of the time-bar exception at Section 9545(b)(1)(iii) must be rejected.

In sum, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Commonwealth v. Furgess, 149 A.3d at 94.

The certified record supports the PCRA court's conclusion that the petition was untimely and that it lacked jurisdiction to consider the merits. Pursuant to Furgess and Cintora, we affirm the PCRA court's order denying Appellant relief.

Order is Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/16/2018